IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DRINK TANKS CORPORATION**, | Case No. 3:16-cv-410-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **GROWLERWERKS, INC.**, | |
| Defendant. | |

Timothy S. DeJong and Jacob S. Gill, STOLL STOLL BERNE LOKTING & SCHLACHTER, PC, 209 SW Oak St., Fifth Floor, Portland, OR 97204; Craig R. Smith, Eric P. Carnevale, and William J. Seymour, LANDO & ANASTASI, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge, MA 02142. Of Attorneys for Plaintiff.

Sean D. O'Brien, Kevin S. Ross, and Alex C. Johnson, MARGER JOHNSON, & MCCOLLOM, PC, 888 Fifth Avenue, Suite 1050, Portland, Oregon 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Drink Tanks Corporation ("Drink Tanks" or "Plaintiff") brings this lawsuit against Defendant GrowlerWerks, Inc. ("GrowlerWerks" or "Defendant") for patent infringement. Drink Tanks alleges that GrowlerWerks manufacturers, uses, sells, offers to sell, or imports beverage containers that infringe Drink Tanks's United States Patent No. 9,156,670 ("the '670 patent"). GrowlerWerks now moves for an order staying the litigation pending an *inter partes* review ("IPR") of the '670 patent by the United States Patent and Trademark Office ("PTO"). For the following reasons, the Court denies GrowlerWerks's motion without prejudice.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

**A.  *Inter Partes* Review**

Among other things, the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011) (codified in various sections of Title 35 of the United States Code), was enacted to improve and replace the former *inter partes* reexamination proceeding with a new IPR proceeding and post-grant review. One of the goals of the new IPR proceeding is "to minimize duplicative efforts by increasing coordination between district court litigation and *inter partes* review." *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *1 (C.D. Cal. Apr. 20, 2015) (citing *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48,721 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 *et seq.*)).

Under the AIA, any "person who is not the owner of a patent may file with the [PTO] a petition to institute an inter partes review of the patent." 35 U.S.C. § 311(a). Such petitioners "may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 [relating to invalidity of the patent or any claim on the basis of prior art]." § 311(b). To institute IPR, the PTO must determine that the petition presents "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." § 314(a). If the PTO institutes IPR, the petitioner then has the burden of proving lack of patentability by a preponderance of the evidence. § 316(e).

The current IPR timeline is more compressed than the timeline under its predecessor *inter partes* reexamination procedure.[1] After the IPR petition is filed, the patent owner may, within

---

[1] The average length of an *inter partes* reexamination previously was approximately 36 months, and if either party appealed the determination from the reexamination, the process could extend another three years. *Affinity Labs of Texas v. Apple Inc.*, 2010 WL 1753206, at *2 (N.D.Cal. Apr. 29, 2010).

PAGE 2 – OPINION AND ORDER

three months, file a preliminary response "setting forth the reasons why no inter partes review should be instituted." 37 C.F.R. § 42.107(a). Alternatively, the patent owner may expedite the proceeding by waiving the preliminary response. § 42.107(b). The PTO must decide whether to institute IPR within three months of when the patent owner's preliminary response is due. 35 U.S.C. § 314(b). In addition, the PTO must issue a final determination within one year of granting IPR, with the possibility of one six-month extension on a showing of good cause. § 316(a)(11).

Although IPR "may not be instituted . . . if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent," a petitioner's "counterclaim challenging the validity of a claim of a patent does not constitute [such an action]." § 315(a)(1), (3). After IPR concludes, the petitioner is estopped from asserting that a patent claim is invalid "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." § 315(e).

### B. Motions to Stay

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding how best to exercise this inherent power, the court "must weigh competing interests and maintain an even balance." *Id.* at 254-55. With regard to deciding whether to stay litigation pending IPR, courts generally consider the following three factors:

> 1. whether discovery is complete and whether a trial date has been set;
>
> 2. whether a stay will simplify the issues in question and trial of the case; and

      3.     whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*Wonderland Nursery Goods*, 2015 WL 1809309, at *2 (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)). Courts also look to whether "the outcome of the reexamination [or IPR] would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination [or IPR], would eliminate the need to try the infringement issue." *Id.* (quoting *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

      Generally, courts apply a "liberal policy in favor of granting motions to stay proceedings pending the outcome of PTO IPR proceedings." *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012). Nonetheless, "the totality of the circumstances governs," *Wonderland Nursery Goods*, 2015 WL 1809309, at *2 (quoting *Universal Elecs.*, 943 F. Supp. 2d at 1031), and "a stay is never required," *id.* Whether "to grant a stay falls within the court's sound discretion." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 591 (2014). The moving party has the burden to persuade the court that a stay is appropriate. *Netlist, Inc. v. Smart Storage Sys., Inc.*, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).[2]

## BACKGROUND

      On October 13, 2015, the PTO issued the '670 patent, entitled "Systems for Storing Beverages," to Nicholas Hill and John Herrick. Drink Tanks is the owner by assignment of the

---

[2] These standards mirror those used when courts analyze motions to stay pending reexamination under the pre-AIA statutory framework in effect before September 16, 2012. *See, e.g., Aten Int'l Co., Ltd v. Emine Tech. Co.*, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010); *see also* Peter S. Menell *et al.*, *Patent Case Management Judicial Guide* 2-49 (2d ed. 2012) (describing the change from reexamination to IPR). Courts agree that "[a]lthough inter partes review is a new means to challenge patent validity, the same general principles that governed stays pending the old inter partes reexamination process should apply with equal force to stays pending the new inter partes review." *CANVS Corp.*, 118 Fed. Cl. at 591 n.5 (2014).

'670 patent. On November 16, 2015, Drink Tanks filed a complaint against GrowlerWerks, alleging that the reusable beer containers that GrowlerWerks sells[3] infringe the '670 patent.[4] Drink Tanks filed its complaint in the United States District Court for the District of Delaware. GrowlerWerks moved to transfer the case to Oregon, where both parties are headquartered. The Delaware court granted the motion, and the case was transferred to Oregon on March 7, 2016. GrowlerWerks denies infringement and brings a counterclaim asserting that the '670 patent is invalid. GrowlerWerks also timely filed a petition for IPR of the '670 patent claims.

---

[3] 

ECF 51-5 at 2 (depicting a GrowlerWerks product that allegedly infringes the '670 patent).

[4] 

ECF 51-1 at 2 (depicting a Drink Tanks product that allegedly incorporates the technology disclosed in the '670 patent).

PAGE 5 – OPINION AND ORDER

GrowlerWerk's petition seeks to invalidate all 19 claims of the '670 patent based on prior art. According to GrowlerWerks, the patent examiner did not examine the closest prior art, including beer growlers, during the prosecution of the '670 patent application. The PTO accepted the petition with a filing date of June 2, 2016. Drink Tanks must now file a preliminary response to the petition by September 7, 2016, unless Drink Tanks elects to waive the preliminary response. After Drink Tanks responds or waives a response, the PTO will have three months to determine whether to hold an IPR trial.

## DISCUSSION

To determine whether a stay is appropriate, the Court assesses, in turn, the three factors identified in *Universal Electronics*, 943 F. Supp. 2d 1028, and *Wonderland Nursery Goods*, 2015 WL 1809309, along with the totality of the circumstances.

### A. Stage of Litigation

GrowlerWerks argues that the case is in its procedural infancy. At the time GrowlerWerks filed its motion to stay, the parties had exchanged initial disclosures, but discovery had not yet begun. The Court also had not yet set a trial date. Two days after GrowlerWerks filed its motion, however, the Court held a Rule 16 telephone conference (which was scheduled before the filing of the present motion) and set a case schedule. According to the case schedule, a final joint claim chart is due by October 14, 2016. Opening claim construction briefs are due by November 11, 2016, and responsive claim construction briefs are due by December 9, 2016. The claim construction hearing is set for February 27, 2017. Fact discovery closes May 12, 2017, and expert discovery closes August 25, 2017. A five-day jury trial is set for February 12, 2018.

Drink Tanks argues that this factor weighs against a stay because discovery has now begun and a trial date has been set. According to Drink Tanks, on June 16, 2016, it served its

PAGE 6 – OPINION AND ORDER

first set of requests for production and first set of interrogatories on GrowlerWerks. Drink Tanks also emphasizes that it could take the PTO until December 2016, to decide whether to institute IPR. It could then be another year and a half before the PTO makes a final determination regarding the validity of the '670 patent. If there is an appeal to the Federal Circuit, that would mean even further delay. Meanwhile, the deadlines for filing claim construction briefs will have passed; the date set for the claim construction hearing will have come and gone; the discovery cutoff date will have expired; and the date set for trial may even have passed.

The Court acknowledges the likely effect that a stay would have on the case schedule. According to the Federal Circuit, however, "[g]enerally, the time of the motion is the relevant time to measure the stage of litigation." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014); *see also Agar Corp. Inc. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126, 1128 (S.D. Tex. 1997) ("In considering the stage of the litigation *at which the motion to stay is requested*, the earlier the motion is filed, the more the court will be inclined to suspend its proceedings and await the results of the reexamination proceeding." (emphasis added)).

This is not a case of a defendant seeking IPR on the eve of trial or after protracted discovery. Additionally, discovery is not yet complete, and at the time of the motion's filing—the relevant stage of litigation for purposes of this motion—discovery had not yet even commenced and no case schedule had been put in place. Furthermore, even if the Court considered events that occurred after the motion's filing, neither party asserts that it has undertaken extensive efforts to serve or comply with discovery requests. Evaluating the relatively early stage of litigation as of the time GrowlerWerks filed its motion, the Court finds that this factor weighs in favor of granting a stay.

PAGE 7 – OPINION AND ORDER

## B. Simplification of the Issues in Question

GrowlerWerks argues that IPR could eliminate some or all of the infringement issues. According to GrowlerWerks, even if the case were not entirely disposed of during IPR, the PTO's decision could narrow the issues before the Court by reducing the number of claims to be construed in a claim construction hearing or analyzed in a motion for summary judgment. Furthermore, GrowlerWerks argues that the Court would obtain valuable insight from the PTO's expert analysis during IPR. Although the PTO has not yet decided whether it will institute IPR, GrowlerWerks argues that "there is a high likelihood" that the PTO will grant the petition for IPR. ECF 42 at 14.

Drink Tanks responds that GrowlerWerks's arguments are based on pure speculation. According to Drink Tanks, there is no way of knowing whether the PTO will grant the petition for IPR, and if the PTO does not grant the petition, no simplification of the issues in question will occur. Drink Tanks also argues that this motion to stay is premature because the motion was brought before an initial decision by the PTO.

The Court agrees with GrowlerWerks that if the PTO grants IPR and finds that some or all of the '670 patent claims are invalid, proceeding with litigation will result in the Court wasting resources and the parties unnecessarily expending funds addressing invalid claims. GrowlerWerks has petitioned for review of all '670 patent claims, making the outcome of IPR potentially case-dispositive. Therefore, a stay could help conserve resources, as well as give the Court the benefit of the PTO's expert opinion. *See Internet Patents Corp. v. eBags, Inc.*, 2013 WL 4609533, at *3 (N.D. Cal. Aug. 28, 2013). Importantly, however, the PTO has not yet decided whether it will grant or reject review, which creates uncertainty about whether a stay would simplify issues in this case. Although waiting until December 2016, when the PTO must decide whether to institute IPR, "guarantees six months of delay, it does not necessarily

PAGE 8 – OPINION AND ORDER

guarantee six months' worth of clarity." *SenoRx, Inc. v. Hologic, Inc.*, 2013 WL 144255, at *9 n.11 (D. Del. Jan. 11, 2013).

Some courts are willing to decide a motion to stay before the PTO determines whether to institute review. *See, e.g.*, *Wonderland Nursery Goods*, 2015 WL 1809309 (granting a motion to stay before the PTO determined whether IPR would proceed); *Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) (granting a stay pending the outcome of petitions for IPR); *Endotach LLC v. Cook Med. Inc.*, 2014 WL 852831 (S.D. Ind. Mar. 5, 2014) (denying a stay before the PTO determined whether it would grant a petition for IPR without providing for reconsideration if IPR proceeded).

Other courts deny a motion to stay as premature if the PTO has not yet granted a petition for review, but expressly permit the moving party to refile for a stay if the PTO later accepts review of relevant patent claims. *See, e.g.*, *Trover Grp., Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *1 (E.D. Tex. Mar. 11, 2015); *SAGE Electrochromics, Inc. v. View, Inc.*, 2015 WL 66415, at *5 (N.D. Cal. Jan. 5, 2015); *Rensselaer Polytechnic Inst. v. Apple Inc.*, 2014 WL 201965, at *1 (N.D.N.Y. Jan. 15, 2014); *Unwired Planet, LLC v. Square, Inc.*, 2014 WL 4966033, at *5-6 (D. Nev. Oct. 3, 2014); *Netlist*, 2014 WL 4145412, at *3.

This latter approach appears to be the one chosen by the majority of courts that have considered the issue. *See Trover*, 2015 WL 1069179, at *5 ("Although . . . some district courts have granted stays even before the [Patent Trial and Appeal Board ("PTAB")] has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review.") (collecting cases). The Federal Circuit "express[es] no opinion on which is the better practice." *VirtualAgility*, 759 F.3d at 1316 (discussing the timing of stay motions in the context

PAGE 9 – OPINION AND ORDER

of a stay request pending the post-grant review of a covered business method patent). The Federal Circuit observes, however, that "[w]hile a motion to stay could be granted even before the PTAB rules on a [a petition for review], no doubt the case for a stay is stronger after . . . review has been instituted." *Id.*

GrowlerWerks and some courts, including some within the Ninth Circuit, note that if the PTO does not grant review, the stay will be "relatively short." ECF 42 at 17 (quoting *Semiconductor Energy Lab.*, 2012 WL 7170593, at *3); *see also Capriola Corp. v. LaRose Indus., LLC*, 2013 WL 1868344, at *3 (M.D. Fla. Mar. 11, 2013) (granting a pre-review stay based, in part, on the movant's assertion that "the PTO apparently will not consume much time unless the PTO perceives an important patent issue within the PTO's particular expertise"). Although the Court, like several others, "appreciates the logic of this argument," *Davol, Inc. v. Atrium Med. Corp.*, 2013 WL 3013343, at *2 n.3 (D. Del. June 17, 2013), the Court also is wary of delaying progress on a case while the parties wait for a review that may never come.

GrowlerWerks's petition sheds little light on the potential scope of IPR, and the Court will not base its stay decision on speculation about what the PTO may or may not do. Until the PTO institutes IPR, the Court cannot say that a stay will lead to the simplification of issues in this case. The PTO could grant review of one, several, all, or none of the '670 patent claims. The Court also finds persuasive the reasoning of courts that deny motions to stay without prejudice before the PTO has granted IPR. Therefore, in light of the pending petition and uncertainty regarding how the PTO will resolve the matter, the Court finds that, at least at this time, the simplification factor weighs in favor of denying the stay.

**C. Undue Prejudice or Clear Tactical Disadvantage**

GrowlerWerks argues that a stay will not prejudice Drink Tanks or present a clear tactical disadvantage to Drink Tanks. According to GrowlerWerks, Drink Tanks has not been acting with

PAGE 10 – OPINION AND ORDER

haste to remedy the alleged infringement, as evidenced, in part, by Drink Tanks's failure to apply for a temporary restraining order or request a preliminary injunction. GrowlerWerks also argues that IPR gives the patent owner an opportunity to amend the challenged claims to avoid a finding of invalidity, an opportunity not available in federal court. Drink Tanks responds that a stay will, indeed, prejudice Drink Tanks because the parties are direct competitors.

In patent infringement cases, courts often find that prejudice is likely "[w]here the parties are direct competitors." *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009). When the parties directly compete against each other for market share, infringement causes "harm in the marketplace that is not compensable by readily calculable money damages." *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011). Staying a case while such harm is ongoing can cause prejudice to the patent owner "that seeks timely enforcement of its right to exclude." *Id.* Generally, in cases of direct competition between litigants, "courts presume that a stay will prejudice the non-movant." *ADA Sols., Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011).

Here, Drink Tanks and GrowlerWerks directly compete against each other in what appears to be a relatively small industry. Both companies are in the business of producing insulated growlers for storing, pressurizing, and transporting carbonated beverages, namely craft beer.[5] Both companies are based in Oregon and market products in 64-ounce and 128-ounces sizes. In such circumstances, a stay may cause Drink Tanks to lose customers that it would not

---

[5] In its reply brief, GrowlerWerks argues that the parties are not direct competitors because although Drink Tanks is purportedly developing a pressurized cap, Drink Tanks does not currently sell a product that falls under the scope of the '670 patent. According to GrowlerWerks, only GrowlerWerks has a pressurized beer growler on the market. GrowlerWerks, however, acknowledges that both companies sell beer growlers in Oregon and at least aspire to sell beer growlers that maintain internal pressure. For the purposes of this motion, the Court finds that this is sufficient to put the parties in direct competition.

PAGE 11 – OPINION AND ORDER

have lost had the case proceeded. Drink Tanks also may be forced to compete against what is ultimately found to be its own patented technology, losing brand recognition in the process. Such losses may be difficult to calculate in terms of money damages. The Court, therefore, presumes that even a short stay may cause undue prejudice to Drink Tanks, particularly given the uncertainty surrounding whether the PTO will grant GrowlerWerks's petition. If the PTO does not grant the petition, Drink Tanks will have suffered harm without gaining clarity concerning whether it has enforceable patent claims against GrowlerWerks.

As to GrowlerWerks's argument that Drink Tanks failed to seek a temporary restraining order or preliminary injunction, most courts, on a motion to stay, "will not hold against [the patentee] its decision to spare the parties more litigation [in the form of a motion for preliminary injunction]." *Universal Elecs.*, 943 F. Supp. 2d at 1034 (quoting *Avago*, 2011 WL 3267768, at *6) (alteration in original); *see CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, 2014 WL 2854656, at *5 (S.D.N.Y. June 20, 2014) (adopting the approach of the Northern District of California in *Universal Elecs.*). A party's decision not to seek a temporary restraining order or preliminary injunction can be attributed to any number of factors, "such as the high burden one must face to obtain a preliminary injunction and the difficulty in doing so without first having access to substantial discovery." *SenoRx*, 2013 WL 144255, at *8.[6] The Court agrees that refraining from seeking a temporary restraining order or preliminary injunction does not weigh against a finding of prejudicial harm for purposes of a motion to stay.

Furthermore, both parties represent that they have been actively engaged in settlement negotiations over the past several months. While negotiations were ongoing, neither Drink Tanks

---

[6] GrowlerWerks itself argues that even if Drink Tanks requested a preliminary injunction, the injunction "likely would not be granted because there is a substantial issue of patent validity." ECF 53 at 10. *See Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008).

nor GrowlerWerks served any discovery requests or filed any motions with the Court. Thus, any failure by Drink Tanks to litigate this case with greater urgency could reasonably have stemmed from both parties' good faith efforts to resolve the case outside the courtroom. Thus, the Court finds that the prejudice factor weighs against granting a stay, despite the relatively slow pace at which the case has progressed to date.

Two of the three relevant factors weigh against granting a stay. The prejudice that Drink Tanks would suffer particularly concerns the Court because the PTO has not yet determined that IPR is warranted. Based on this analysis, the Court concludes that the totality of the circumstances currently militates against granting a stay, and the Court declines to order one.

## CONCLUSION

GrowlerWerks's motion for a stay pending IPR (ECF 42) is DENIED WITHOUT PREJUDICE and with leave to refile, if appropriate, based on new circumstances consistent with this Opinion and Order. The parties shall file a joint status report informing the Court of the disposition of GrowlerWerks's petition within seven days of the PTO's final decision on whether to grant IPR.

**IT IS SO ORDERED**.

DATED this 15th day of July, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 13 – OPINION AND ORDER