IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DRINK TANKS CORPORATION**,<br><br>        Plaintiff,<br><br>        v.<br><br>**GROWLERWERKS, INC.**,<br><br>        Defendant. | Case No. 3:16-cv-410-SI<br><br>**OPINION AND ORDER** |

Timothy S. DeJong and Jacob S. Gill, STOLL BERNE LOKTING & SHLACHTER PC, 209 SW Oak Street, Fifth Floor, Portland, OR 97204; Craig R. Smith, Eric P. Carnevale, and William J. Seymour, LANDO & ANASTASI LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge, MA 02142. Of Attorneys for Plaintiff.

Sean D. O'Brien, Kevin S. Ross, and Alex C. Johnson, MARGER JOHNSON, 888 SW Fifth Avenue, Suite 1050, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Drink Tanks Corporation ("Drink Tanks") brings this lawsuit against Defendant GrowlerWerks, Inc. ("GrowlerWerks") for patent infringement. Drink Tanks alleges that GrowlerWerks manufacturers, uses, sells, offers to sell, or imports beverage containers that infringe Drink Tanks's United States Patent No. 9,156,670 ("the '670 patent"). Before the Court is GrowlerWerks' Renewed Motion to Stay Litigation Pending Completion of *Inter Partes* Review ("IPR") of sixteen out of the nineteen claims of the '670 patent, instituted on

PAGE 1 – OPINION AND ORDER

February 22, 2017 by the United States Patent and Trials Appeal Board ("PTAB"). For the following reasons, the Court grants GrowlerWerks's motion.

## STANDARDS

### A. *Inter Partes* Review

The Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011) (codified in various sections of Title 35 of the United States Code), was enacted to improve and replace, among other things, the former *inter partes* reexamination proceeding with a new IPR proceeding and post-grant review. One of the goals of the new IPR proceeding is "to minimize duplicative efforts by increasing coordination between district court litigation and *inter partes* review." *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *1 (C.D. Cal. Apr. 20, 2015).

Under the AIA, any "person who is not the owner of a patent may file with the [PTAB] a petition to institute an *inter partes* review of the patent." 35 U.S.C. § 311(a). Petitioners "may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 [relating to invalidity of the patent or any claim on the basis of prior art]." *Id*. § 311(b). Before it may institute IPR, the PTAB must determine that the petition presents "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." *Id*. § 314(a). If IPR is instituted, the petitioner has the burden of proving lack of patentability by a preponderance of the evidence. *Id*. § 316(e).

The current IPR timeline is more compressed than the timeline under its predecessor *inter partes* reexamination procedure.[1] After an IPR petition is filed, the patent owner may, within

---

[1] The average length of an *inter partes* reexamination previously was approximately 36 months, and if either party appealed the determination from the reexamination, the process could extend another three years. *Affinity Labs of Tex. v. Apple Inc.*, 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010).

three months, file a preliminary response "setting forth the reasons why no *inter partes* review should be instituted." 37 C.F.R. § 42.107(a). Alternatively, the patent owner may expedite the proceeding by waiving the preliminary response. *Id.* § 42.107(b). The PTAB must decide whether to institute IPR within three months from when the patent owner's preliminary response is due. 35 U.S.C. § 314(b). The PTAB must issue a final decision within one year from granting IPR, with the possibility of one six-month extension following a showing of good cause. *Id.* § 316(a)(11); *Id.* § 318(a). A dissatisfied party may appeal the PTAB's decision to the Court of Appeals for the Federal Circuit. *Id.* § 141(c). If the PTAB issues a final written decision and the time for appeal has expired or any appeal has terminated, the PTAB "shall issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable [and] confirming any claim of the patent determined to be patentable." *Id.* § 318(b).

Although IPR "may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent[,]" a petitioner's "counterclaim challenging the validity of a claim of a patent does not constitute [such an action]." *Id.* § 315(a)(1), (3). After IPR concludes with a final written decision, the petitioner is estopped from asserting that a patent claim is invalid "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." *Id.* § 315(e).

**B. Motion to Stay**

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding how best to exercise this inherent power, the court "must weigh competing interests and maintain an even balance." *Id.* at 254-55. In deciding whether to stay litigation pending IPR, district courts

PAGE 3 – OPINION AND ORDER

typically consider the following three factors: "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (citation and quotation marks omitted). Courts also look to whether "the outcome of the reexamination [or IPR] would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination [or IPR], would eliminate the need to try the infringement issue." *Wonderland Nursery Goods*, 2015 WL 1809309, at *2 (quoting *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

Courts apply a "liberal policy in favor of granting motions to stay proceedings pending the outcome of . . . IPR proceedings." *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012). Nonetheless, "the totality of the circumstances governs," *Wonderland Nursery Goods*, 2015 WL 1809309, at *2 (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. May 2, 2013)), and "a stay is never required." *Wonderland Nursery Goods*, 2015 WL 1809309, at *2. Whether "to grant a stay falls within the court's sound discretion." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 591 (2014). The moving party has the burden to persuade the court that a stay is appropriate. *Netlist, Inc. v. Smart Storage Sys., Inc.*, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).[2]

---

[2] These standards mirror those used when courts analyze motions to stay pending reexamination under the pre-AIA statutory framework in effect before September 16, 2012. *See, e.g., Aten Int'l Co., Ltd v. Emine Tech. Co.*, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010); *see also* Peter S. Menell *et al.*, *Patent Case Management Judicial Guide* 2-49 (2d ed. 2012) (describing the change from reexamination to IPR). Courts agree that "[a]lthough *inter partes* review is a new means to challenge patent validity, the same general principles that governed

## BACKGROUND

The '670 patent, titled "System for Storing Beverages," issued on October 13, 2015. Drink Tanks is the owner by assignment of that patent. On November 16, 2015, Drink Tanks sued GrowlerWerks, alleging that the reusable beer containers that GrowlerWerks sells infringe the '670 patent.[3] GrowlerWerks denies infringement and asserts a counterclaim contending that the '670 patent is invalid.

GrowlerWerks filed the first of two IPR petitions on June 2, 2016. Both petitions seek to invalidate all 19 claims of the '670 patent based on prior art. According to GrowlerWerks, the patent examiner did not examine the closest prior art, including beer growlers, during the prosecution of the '670 patent application. On June 15, 2016, GrowlerWerks moved the Court for a stay, pending the PTAB's decision on GrowlerWerks' first petition. ECF 42.

On June 17, 2016, the Court granted the parties' joint motion to set a case schedule. Under that schedule, claim construction briefs were due by November 11, 2016, and a claim construction (*Markman*) hearing was set for February 27, 2017. Fact discovery was scheduled to close on May 12, 2017, with expert discovery set to conclude on August 25, 2017. Dispositive motions were due on September 8, 2017, and a five-day jury trial was scheduled for February 12, 2018. ECF 46. On July 15, 2016, the Court denied GrowlerWerks' motion to stay without prejudice. ECF 56. Assessing the relevant three factors, the Court concluded that the totality of the circumstances at that time militated against granting a stay.

---

stays pending the old *inter partes* reexamination process should apply with equal force to stays pending the new *inter partes* review." *CANVS Corp.*, 118 Fed. Cl. at 591 n.5 (2014).

[3] Drink Tanks filed its complaint in the United States District Court for the District of Delaware. GrowlerWerks moved to transfer the case to Oregon, where both parties are headquartered. The Delaware court granted the motion and transferred the case to Oregon on March 7, 2016.

The Court noted, however, that if the PTAB were to grant IPR (which likely would result in the PTAB finding invalid at least some of the claims in the '670 patent), a stay could help conserve resources, as well as give the Court the benefit of the PTAB's expert opinion. But, the Court explained, "[u]ntil the PT[AB] institutes IPR, the Court cannot say that a stay will lead to simplification of the issues." *Id*. at 10. Therefore, "in light of the pending petition and uncertainty regarding how the PT[AB] will resolve the matter," the Court concluded that, "at least at this time, the simplification factor weighs in favor of denying the stay." *Id*. The Court also found that because the parties directly compete against each other in a relatively small industry, a stay might cause Drink Tanks to lose customers that it would not have lost had the case proceeded. The Court explained that Drink Tanks would be forced to compete against what might ultimately be found to be its own patented technology. *Id*. at 12.

Several months later, on October 14, 2016, the parties notified the Court that there were no disputed claim construction issues and that all terms of the asserted claims of the '670 patent should be construed to have their ordinary and customary meaning to a person of ordinary skill in the art at the time of the invention. ECF 61 at 2. The Court then cancelled the claim construction hearing. ECF 62.

On October 24, 2016, the PTAB advised the parties that, based on the effective filing date of the '670 patent, GrowlerWerks' first petition might be premature. *GrowlerWerks, Inc. v. Drink Tanks Corp.*, No. IPR2016-01125, *5-7 (P.T.A.B. Nov. 22, 2016) (ECF 63-1 at 7-9). On November 14, 2016, GrowlerWerks submitted a second, and "essentially identical," petition to the PTAB. ECF 63-1 at 7-8. Because "the refiled petition propose[d] the same grounds and arguments for invalidity as the [first] Petition—it is substantively identical—and was filed before any decision [regarding the first petition]," the PTAB exercised its discretion to make its

substantive determinations pursuant to the refiled petition and thus denied GrowlerWerks' first petition. *Id*. at 9.

Based on GrowlerWerks' second petition, on February 22, 2017, the PTAB issued a decision instituting IPR on sixteen out of nineteen claims of the '670 patent. *See GrowlerWerks, Inc. v. Drink Tanks Corp.*, No. IPR2017-00262 (P.T.A.B. Feb. 22, 2017) (ECF 64-1). The PTAB concluded that "there is a reasonable likelihood that Petitioner [GrowlerWerks] would prevail in establishing the unpatentability of claims 1-7, 9-13, and 16-19." ECF 64-1 at 2. The PTAB granted review based on 11 of the 16 different grounds of unpatentability set forth in GrowlerWerks' petition. Each ground is a separate combination of references showing that the claimed invention is invalid for being obvious, pursuant to 35 U.S.C. § 103.

The due date for Drink Tanks' preliminary response to the PTAB was May 10, 2017. ECF 64-2 at 9; 37 C.F.R. § 42.120. The Court received no notice indicating that Drink Tanks filed such a response. A hearing (or trial) before the PTAB on its review of the challenged claims is scheduled for October 30, 2017. Pursuant to 35 U.S.C. § 316(a)(11), the PTAB must issue a final determination within one year of granting IPR, with the possibility of one six-month extension following a showing of good cause. In this case, that one-year period ends on February 22, 2018.

On March 31, 2017, GrowlerWerks filed its Renewed Motion to Stay. ECF 65. On May 15, 2017, upon a joint motion from the parties, the Court extended the deadline to complete fact discovery to the later of: (i) 60 days following the denial of GrowlerWerks' renewed motion to stay or, (ii) in the event a stay is entered, 60 days after the stay is lifted. ECF 70.

## DISCUSSION

To determine whether a stay is appropriate, the Court assesses the three factors identified in *Murata Mach.*, 830 F.3d at 1361, along with the totality of the circumstances.

PAGE 7 – OPINION AND ORDER

## A. Undue Prejudice or Clear Tactical Disadvantage

In denying GrowlerWerk's previous motion to stay, the Court found that because the parties are direct competitors in a relatively small industry, a stay pending the PTAB's decision regarding GrowlerWerk's IPR petition had the potential to cause market harm to Drink Tanks. The Court underscored that this potential harm was exacerbated by "the uncertainty surrounding whether the PT[AB] will grant GrowlerWerks's petition." ECF 56 at 12.

GrowlerWerks argues that because the PTAB has granted IPR, this factor now favors granting a stay. GrowlerWerks asserts that the '670 patent will likely not survive IPR and that a stay is needed to prevent Drink Tanks from enforcing invalid patent claims against GrowlerWerks. Drink Tanks responds that infringement by a direct competitor like GrowlerWerks will continue to cause Drink Tanks competitive harm. Drink Tanks also argues that the length of IPR proceedings will cause undue prejudice because it could take the PTAB more than a year for a final written decision, thereby delaying Drink Tank's right to resolve its infringement claims.

The Court recognizes that IPR of the '670 patent will not conclude until after the parties' currently-scheduled trial will conclude, assuming that the trial date is not delayed based on the parties' recent stipulation to extend discovery. Such "delay inherent in the reexamination does not constitute, by itself, undue prejudice." *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, 138 F. Supp. 3d 1032, 1039 (E.D. Wis. Oct. 2, 2015) (quotation marks omitted); *accord Universal Elecs.*, 943 F. Supp. 2d at 1033 ("Mere delay in the litigation does not establish undue prejudice."); *see also Sorensen v. Black & Decker Corp.*, 2007 WL 2696590, *4 (S.D. Cal. Sept. 10, 2007) ("Protracted delay is always a risk inherent in granting a stay, yet courts continue to stay actions pending reexamination. The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay."). Nevertheless, where competition between the parties is

PAGE 8 – OPINION AND ORDER

acute, courts have generally found that this consideration weighs against a stay. *See, e.g., SenoRx*, 2013 WL 144255 at *8; *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. Oct. 7, 2011) ("Compounding the prejudice that a stay would work on ADA Solutions is the fact that the parties are direct competitors in a relatively narrow sector of [the parties'] industry."). Because the Court finds both that "Drink Tanks and GrowlerWerks directly compete against each other in what appears to be a relatively small industry," ECF 56 at 11, and that the PTAB's decision to institute IPR means that many of the claims in the '670 patent are likely to be found invalid, the Court concludes that this factor is neutral.[4]

**B. Simplification of the Issues in Question**

In denying GrowlerWerks' earlier motion to stay, the Court found that this factor weighed in favor of Drink Tanks because, until the PTAB decided whether or not to institute IPR, any potential benefit to the parties or the Court that might accrue from such review was speculative. The Court, however, observed that if a stay were granted, then a final written decision by the PTB could help simplify the issues and conserve resources.

---

[4] Drink Tanks also argues that GrowlerWerks' "rush to file its first IPR resulted in a procedural defect that has delayed consideration of any review." ECF 67 at 4. The Court finds that the record does not indicate that GrowlerWerks sought or benefitted from an unfair tactical advantage. The Court notes that when the PTAB, of its own accord, contacted the parties by conference call on October 24, 2016 about the PTAB's concerns regarding the first petition's filing date, GrowlerWerks indicated that it expected to refile the petition. ECF 63-1 at 7-8. There is no indication in the record that Drink Tanks objected to this plan during the teleconference when it had the opportunity to do so. This fact belies Drink Tanks' later-raised concern that the PTAB's decision to exercise its discretion to make its substantive determinations pursuant to the refiled petition. In addition, the PTAB expressly addressed the issue of prejudice or unfair advantage in its decision instituting IPR, when it explained that, "[b]ecause the refiled petition proposes the same grounds and arguments for invalidity as the [first] Petition—it is substantively identical—and was filed before any decision in this proceeding, it therefore does not present any concerns of taking a 'second bite at the apple' or using our decision as a 'roadmap' that other panels of the Board have found persuasive when considering multiple petitions against a given patent." *Id*. at 9. For all of these reasons, Drink Tanks' suggestion that the filing of GrowlerWerks' second petition is causing Drink Tanks to suffer prejudice or unfairly gives GrowlerWerks a tactical advantage is unpersuasive.

GrowlerWerks now argues that because the PTAB has instituted IPR of the '670 patent, a stay will likely simplify the issues in this case and conserve the parties' and the Court's resources. In instituting IPR, the PTAB has concluded that there is a reasonable likelihood that Drink Tanks will prevail in establishing the unpatentability of 16 out of 19 claims in the '670 patent. GrowlerWerks argues that after IPR concludes, the issues of patent infringement and invalidity that are currently before the Court may become moot or, at least, the Court will have the benefit of the PTAB's expert findings.

Drink Tanks responds that because the PTAB has made an initial determination to review some, but not all, of the claims of the '670 patent, this litigation will continue regardless of the outcome of IPR. Drink Tanks also states that IPR involves a different burden of proof and that the PTAB's determinations do not bind district courts. Drink Tanks adds that because the parties do not dispute the construction of any claims, the Court will not benefit from any claim construction rulings by the PTAB.

The Court agrees with GrowlerWerks. The PTAB's review of the challenged claims is likely to simplify the issues for trial. "[I]n general, when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Int'l Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). Thus, if the PTAB cancels any of the challenged claims, Drink Tanks likely will no longer base their infringement cause of action on any alleged infringement of those claims.

Drink Tanks is correct when it states that IPR will not obviate in the entirety the need for district court proceedings and resolution, but that is not the standard. Rather, "[w]hatever outcome occurs, there is the potential for the simplification of issues for trial, either by reducing the number of claims at issue, confirming the validity of the surviving claims, or narrowing the

scope of a modified claim." *SenoRx, Inc. v. Hologic, Inc.*, 2013 WL 144255, at *3 (D. Del. Jan. 11, 2013). Indeed, "even if certain (or all) of the claims are ultimately confirmed, the Court will likely benefit . . . from the [PTAB's] analysis." *Id.* at *4; *accord Destination Maternity*, 12 F. Supp. 3d at 769 (concluding that, "[a]lthough there may be issues or defenses that cannot be addressed through *inter partes* review," the PTAB's review of a high percentage of the asserted claims "will very likely provide significant simplification of the issues"). GrowlerWerks has challenged a large percentage of the asserted claims, and the PTAB has concluded that there is a reasonable likelihood that GrowlerWerks will prevail in establishing the unpatentability of claims 1-7, 9-13, and 16-19. Regardless of the outcome of the IPR, the PTAB's final written decision is likely to simplify the issues. Thus, this factor weighs in favor of granting a stay.

C. **Stage of Litigation**

District courts considering this factor "should generally consider whether discovery is complete and whether a trial date has been set." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 n.6 (Fed. Cir. 2014). "[T]he time of the motion [to stay] is the relevant time to measure the stage of litigation." *Id.* at 1317. When GrowlerWerks filed its renewed motion to stay on March 31, 2017, approximately six weeks of fact discovery remained, expert discovery was not set to close for another five months, and trial was scheduled to begin almost 11 months later. GrowlerWerks also argues that the "stage of litigation" factor favors a stay because depositions have not yet been taken, expert discovery has not yet begun, and dispositive motions are forthcoming. According to GrowlerWerks, many significant litigation tasks remain.

Drink Tanks responds that the Court has set a trial date for next February and that significant written discovery already has been exchanged. Drink Tanks adds that, under the current schedule, a final written decision by PTAB will not be issued regarding the validity of the '670 patent until after this lawsuit has been tried.

PAGE 11 – OPINION AND ORDER

The Court finds that the case is still in a relatively early stage because no depositions have been taken, expert discovery has not yet begun, at least one party is likely to file dispositive motions, and trial is currently set for eights months in the future. *See, e.g. Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014) ("In assessing the stage of litigation, courts routinely consider . . . the status of pending pretrial motions[ ] and pretrial orders."). Based on these considerations, the Court concludes that this factor favors GrowlerWerks' renewed motion to stay. *See id*. ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation.").[5] Finally, the totality of the circumstances support the same conclusion.

## CONCLUSION

Defendant GrowlerWerks' Renewed Motion to Stay Litigation Pending Completion of *Inter Partes* Review (ECF 65) is GRANTED, and this case is STAYED. The parties shall file a joint status report not later than thirty days after the PTAB issues its final written decision in *GrowlerWerks*, No. IPR2017-00262.

**IT IS SO ORDERED**.

DATED this 19th day of June, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[5] In the proceedings regarding GrowlerWerks' first motion to stay, Drink Tanks already advanced, and the Court already rejected, Drink Tanks' second argument—that this factor weighs against granting a stay because IPR will not result in a final written opinion by the PTAB until after the currently-scheduled trial in this lawsuit. ECF 56 at 7. As the Court previously explained, the potential timeline of resolution by the PTAB is not relevant to this factor; "the time of the motion is the relevant time to measure the stage of litigation." *Id*. (quoting *VirtualAgility*, 759 F.3d at 1317). For the same reason, the Court again rejects Drink Tanks' argument regarding the timing of the expected final written decision by the PTB.